The opinion of the court was delivered by
Manning, O. J.
The plaintiff sues to recover five hundred dollars, half of the annual tax imposed by its police jury upon every keeper of a grog-shop. The tax was for 1876, and the ordinance provided that persons opening shops after the first of July should pay only half of the tax of that year. The defendant opened his shop during the last half of the year. The tax imposed by the ordinance was one thousand dollars.
• The payment of the tax is resisted on the grounds, 1. that the police jury failed to publish its estimate of the parish expenses for the year, before fixing the rate of taxation; 2, that the imposition of so large a sum for a license to retail spirituous liquors was virtually a- prohibition. *1245 The case comes up upon a statement of facts made by the judge, the counsel of the parties having failed to agree on one. Oode of Prac. art* 602-3.
There was an appeal to the District court, which was properly dismissed, and this second appeal was taken direct from the parish court to this court. Our jurisdiction attaches by the reason of the question involved — the legality of the tax — without regard to the amount.
The powers conferred upon police juries relative to the licensing of drinking saloons are very ample. There is however a restriction upon the power of police juries to lay taxes of any kind, the application of which is invoked here. Before a police j ury can lawfully fix and decide on the amount of taxes to be assessed for a current year, it must cause an estimate of the parish expenses to be made, and published at least thirty days before it decides on the amount of taxes to be raised. Ibid. sec. 2745.
The plaintiff insists that this was done. The judge’s statement is, the estimate of the expenses of 1876 was made in January of that year, and published in the ‘ Yienna Sentinel ’, a weekly newspaper published in Yienna, and which was the official paper of the parish, and this estimate appeared in one issue of that paper.
Eor aught that appears here, the issue of the newspaper in which the estimate was published was of date only the day before the meeting of the jury which fixed the amount of taxes to be assessed. The estimate appeared in one issue, but was that number of the paper issued thirty days before that meeting of the jury? It seems extraordinary, that when a police jury has an official journal, a file of which is or ought to be kept in one of the offices of the court, and should be preserved by the clerk of the police jury as a.part of the parish archives, it should not be produced in evidence in a ease where the parish authorities were so much interested as in this. There is no proof that there was any publication of the estimate of parish expenses thirty days before the amount of taxes was fixed, much less that such publication was made in each issue of the weekly newspaper during thirty days, if that be requisite.
It is a wise law that requires the taxpayers to be advertised of the intention of a police jury to assess a certain sum upon them, and their property — to fix an aggregate amount to be raised by taxation in any given year. It advises them of the quantum and objects of burthens that are about to be imposed upon them for parochial purposes, and gives them an opportunity to exercise a healthful restraining influence upon their local legislature. We are not disposed to relax the rule which has been imposed upon the police jury, even if we had the power.
The imposition of the tax in this case is illegal because the estimate of the parish expenses was not duly published. There is no present *1246 need of considering the other objection. The plaintiff had judgment in the parish court, from which this appeal is taken. It is erroneous. Therefore
It is ordered and decreed that the judgment of the lower court is avoided and reversed, and that there be now judgment in favor of the defendant against the plaintiff upon its demand, and for costs.
Rehearing refused.